UNIVERSITY OF CHICAGO HOSPITALS, Plaintiff-Appellant, v. UNITED PARCEL SERVICE, Defendant-Appellee.

First District (2nd Division)   No. 1—90—1776

Opinion filed June 30, 1992.

Knepper & Moga, P.C., of Chicago (Margaret McCaskill Visek, of counsel), for appellant.

Keck, Mahin & Cate, of Chicago (Robert E. Arroyo and Robert A. Roth, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

University of Chicago Hospitals (hospital) appeals from the circuit court's dismissal of its single-count complaint filed against United Parcel Service (UPS), in which it sought to recover damages incurred as the result of a negligent misrepresentation alleged to have been made by a UPS employee regarding the health insurance coverage of Sylvia Chodacki (Sylvia), the spouse of a retired UPS employee.

In October of 1988, shortly after Sylvia's husband had executed an assignment of benefits in favor of the hospital, UPS, through its employee, Esther Brown, represented to an employee of the hospital that Sylvia had $350,000 in health insurance benefits available to her through UPS' Retirees' Insurance Program. In reliance upon the information furnished by UPS, the hospital rendered Sylvia hospital and medical services amounting to $318,007.30, but when the hospital sought payment, UPS denied the claim for the reason that the extent of the benefits provided under its insurance program was only $50,000, and not $350,000, as was initially represented by UPS' employee. After deducting all credits and setoffs, the hospital was still due $266,884.82.

On January 4, 1990, UPS filed a section 2—615 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) to dismiss the hospital's action, claiming (1) that the complaint failed to state a cause of action for negligent misrepresentation because it failed to allege that UPS was in the business of supplying information for the guidance of others; (2) that the complaint lacked specificity because it did not indicate the person who made the misrepresentation; and (3) that the complaint was not properly verified. After the hospital obtained leave to file an amended complaint, UPS was allowed to have its original section 2—615 motion stand against the amended complaint as well. During the hearing on that motion, the hospital argued to the trial court that UPS was involved in two businesses—(1) the delivery of packages and (2) the providing of health insurance coverage to its retired employees and their dependents. In essence, the hospital contended before the court that UPS is self-insured with respect to the health benefits it provides for its retirees. The trial court dismissed the hospital's cause of action with prejudice but without giving grounds therefor.

The hospital then filed a motion to reconsider and to vacate the order, on the grounds that

> "[1] the trial court erred in its application of existing law if it dismissed plaintiff's case for failure to state a cause of action; [2] the trial court erred in its application of existing law if it dismissed plaintiff's complaint for lacking specificity; [3] the trial court erred in its application of existing law if it dismissed plaintiff's amended complaint for failing to be properly verified; and [4] even if plaintiff failed to state a cause of action, failed to plead with specificity or failed to properly verify its complaint, the trial court erred in its application of existing law by dismissing plaintiff's complaint with prejudice."

The hospital asked the trial court, alternatively, for leave to file a second amended complaint which it had attached to its motion. At the hearing on the motion to reconsider, the hospital argued that it was unaware of the reasons as to why the trial court had dismissed its cause of action with prejudice, and that it had been disadvantaged in attempting to cure any defects in its pleading since the trial court never indicated to it that its pleading was defective. Nonetheless, the trial court denied the hospital's motion to reconsider and reaffirmed its previous order "based upon a reading of the cases cited in UPS' motion to dismiss as well as the cases cited in University of Chicago Hospitals' briefs and oral argument." The hospital filed a timely notice of appeal.

The hospital contends that the trial court's dismissal of its cause of action with prejudice, without first informing it of the reasons as to why the court believed the amended complaint to be defective, and the judge's denying it the opportunity to amend its complaint at least once after he had ruled on the motion to dismiss, is an abuse of discretion for the reason that amendments proposed in the early stages of litigation are normally granted as a matter of course. The hospital argues that only when certain circumstances exist is it within the discretion of a trial court to deny a plaintiff the right to amend its pleadings. Such circumstances are: (1) repeated, unsuccessful attempts to state a cause of action after a pleading has been stricken (*Ledford v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1939), 298 Ill. App. 298); (2) filing an amendment without the necessary leave of court (*Reinhardt v. Security Insurance Co.* (1936), 287 Ill. App. 320); and (3) where a motion to amend was not timely made (*Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690).

The hospital posits that none of these circumstances exists here. It claims that inasmuch as it had only one opportunity to amend its complaint, a voluntary action which it took one month prior to the trial court's determination that the amended complaint was defective, the hospital could not have known at that time whether the trial court believed it had stated a valid cause of action. Thus, the hospital concludes, the trial court's dismissal of the cause of action with prejudice constituted an abuse of discretion.

In support of its position, the hospital points out that there is an absence of Illinois authority which supports the dismissal of an action with prejudice in which the plaintiff had "at least two or more opportunities to amend its pleadings." (See *B.C. v. J.C. Penney Co.* (1990), 205 Ill. App. 3d 5, *appeal denied* (1991), 136 Ill. 2d 541; *Thomas v. Davenport* (1990), 196 Ill. App. 3d 1042.) The cases it cites, however,

give no holding nor afford any reasoning on this point; rather, the hospital appears to draw that conclusion only from the results reached in those cases. Moreover, the hospital argues, Illinois courts have held that rulings on motions to dismiss generally do not dispose of actions, but allow plaintiffs an opportunity to amend their complaints unless it becomes apparent that there is no set of facts that could be pleaded which would entitle a plaintiff to recover. *Fanning v. Lemay* (1966), 78 Ill. App. 2d 166, 172, *reversed on other grounds* (1967), 38 Ill. 2d 209.

In paragraph 5 of its proposed second amended complaint, the hospital alleges that in addition to being in the business of delivering packages, "the defendant is in the business of providing information for the guidance of others." The hospital further asserts that this statement is supported by factual allegations that UPS provided information to Sylvia and to the hospital.

UPS denies, however, that the hospital's proposed second amended complaint pleads facts that would show that UPS is in the business of supplying information. In paragraph 4 thereof the hospital alleges that "UPS provided information to its employees *** relative to the extent and type of insurance coverage which UPS provided." In paragraph 6, the hospital alleges that "UPS provided its employees with a booklet explaining how the 'Health & Welfare Plan is Administered.' " Neither paragraph, UPS points out, contains any factual allegation indicating that it was UPS' business to supply such information.

UPS also argues that the hospital has had sufficient opportunities to plead a cause of action, and it cites numerous cases in which appellate courts have affirmed the dismissal of a complaint without allowing the plaintiff at least two opportunities to amend. See, *e.g., Deasey v. City of Chicago* (1952), 412 Ill. 151; *Century Universal Enterprises, Inc. v. Triana Development Corp.* (1987), 158 Ill. App. 3d 182.

■■ Based on our conclusion below, however, we need not address this portion of plaintiff's appeal, for even if the hospital had pleaded a factually sufficient complaint, it nonetheless could not have set forth a legally recognized claim. It is now the law in Illinois that purely economic loss will not support a cause of action sounding in negligent misrepresentation. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69.) *Moorman* recognizes an exception to this rule, however, "where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations." *Moorman*, 91 Ill. 2d at 89.

■ Although neither of the parties cites any Illinois authority as to whether or not insurance carriers are in the business of supplying information, the District Court for the Northern District of Illinois provides a case on point. In *International Surplus Lines Insurance Co. v. Fireman's Fund Insurance Co.* (N.D. Ill. Aug. 17, 1989), No. 88—C—320 (memorandum opinion), the defendant maintained that the plaintiff's claim of negligent misrepresentation "must be dismissed because it fails to allege, and cannot allege, that [the defendant] was in the business of supplying information." (*Fireman's Fund,* slip op. at _____.) The plaintiff retorted that the defendant's "business—indeed, the raison d'etre of insurance—is supplying and receiving information." (*Fireman's Fund,* slip op. at _____.) The court found this argument to be unconvincing, holding that the business of an insurance company is

> "accepting a risk in return for money. [The defendant] is not 'in the business' of supplying information for the guidance of others. To hold otherwise would render every commercial enterprise which enters into a contract [with] a company in the business of supplying information, thereby opening the flood-gates for negligent misrepresentation litigation. Accordingly, because [the plaintiff] has failed to allege and cannot allege that [the defendant] is in the business of supplying information, Count II must be dismissed." (*Fireman's Fund,* slip op. at _____.)

While the hospital would contend that *International Surplus Lines* is not binding on this court, we find it to be persuasive authority.

Accordingly, we uphold the trial court's granting of UPS' motion to dismiss the first amended complaint and denying the motion to reconsider. We also affirm the court's denial of the hospital's alternative motion for leave to file a second amended complaint.

Affirmed.

DiVITO and McCORMICK, JJ., concur.