**Dan SWARTZ, Plaintiff,**

v.

**Jerry SCHAUB, Thomas B. Funk, Jeffrey C. Roseberry, and 356 Associates, An Illinois Partnership, Defendants.**

**No. 92 C 1623.**

United States District Court, N.D. Illinois.

April 23, 1993.

Robert J. Oliver, Thomas E. Greenwald, John Reardeu, Jr., Connolly, Oliver, Close & Worden, Rockford, IL, for plaintiff.

Claude B. Kahn, Kipnis, Kahn & Bruggeman, Ltd., Chicago, IL, for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Defendants' recently-filed Amended Answer to Complaint has brought to this Court's attention their early-filed, and apparently undisposed-of, motions to dismiss Complaint Counts III and V—something that had escaped this Court's notice. For the reasons briefly stated in this memorandum opinion and order, both of defendants' motions are granted.

■ In Count III plaintiff Dan Swartz ("Swartz"), a State of Washington resident, seeks to invoke the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act"), Ill.Rev.Stat. ch. 121½, ¶¶ 261–262, now 815 ILCS 505/1–505/2.[1] But this Court has held in *Seaboard Seed Co. v. Bemis Co.,* 632 F.Supp. 1133, 1140 (N.D.Ill.1986), that the Act is intended to deal only with the impact of the statutorily prohibited practices on *Illinois* consumers.

Although this Court's colleague Honorable John Nordberg has said otherwise in *Fry v. UAL Corp.,* 136 F.R.D. 626, 637 (N.D.Ill. 1991), where he pointed to the language in Section 262 that prohibits fraud "in the conduct of any trade of [sic—should be 'or'] commerce," that opinion fails to note the critical language in which the Illinois General Assembly prescribed the scope of the Act: "Commerce" is expressly defined in Section 261(f) to include "any trade or commerce directly or indirectly affecting the people *of this State*" (emphasis added). This Court respectfully disagrees with *Fry* and adheres to its own earlier decision. Count III is dismissed.[2]

---

1. Provisions of the Act will be cited here as "Section—," referring to the more familiar numbers in chapter 121½ rather than the new ILCS numbering.

2. Swartz' counsel points to *Cange v. Stotler & Co.,* 913 F.2d 1204, 1210 (7th Cir.1990) as calling for a different conclusion. But *Cange* involved a situation in which the defendant had specifically invoked Illinois as the venue for any disputes arising out of its Customer Agreements no matter where the customers were located. Hence the Court of Appeals ruled that the neces-

■ As for Count V, it appears that Swartz' counsel has not filed any response to defendants' motion to dismiss. That Count purports to sound in "negligent misrepresentation," but Illinois case law consistently limits that cause of action to defendants who are in the business of providing information on which others rely in their business transactions (see, among the many cases so holding, *University of Chicago Hosp. v. United Parcel Serv.*, 231 Ill.App.3d 602, 173 Ill.Dec. 64, 596 N.E.2d 688 (1st Dist.1992)). Nothing suggests that defendants here fit that description.

Accordingly, as stated at the outset of this opinion, both Complaint Count III and Complaint Count V are dismissed. This action will proceed on Swartz' other claims.

sary effect on the people of Illinois was brought into play by defendants' own conduct—essentially a holding based on estoppel. That concept does not apply here.