■ CHARLES C. MYERS, Respondent, v CORADIAN CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered May 14, 1982 in Montgomery County, which denied defendant's motion for summary judgment and granted plaintiff leave to serve an amended complaint. Plaintiff's complaint seeks recovery of damages for defendant's alleged breach of an employment contract. After several interviews and conferences with defendant's director of human resources and its president, plaintiff was orally advised of defendant's intention to hire him as its personnel manager. The offer was confirmed in writing by a letter dated February 9, 1981, from defendant's director of human resources. Plaintiff was requested to accept the offer by signing a copy of the letter and returning it to defendant, which he did. Shortly before the scheduled starting date of March 16, 1981, defendant advised plaintiff that due to unforeseen financial pressures, the corporation had decided not to fill the position of personnel manager. Nearly a century ago the Court of Appeals ruled that without some form of contractual agreement establishing a durational period, employment is terminable at will by either the employer or the employee, and neither has a cause of action against the other based on the termination of employment (*Martin v New York Life Ins. Co.,* 148 NY 117). That principle is still being applied by the courts of this State (e.g., *Parker v Borock,* 5 NY2d 156; *Kushner v Ciba-Geigy Corp.,* 76 AD2d 950; *Grozek v Ragu Foods,* 63 AD2d 858). In its letter of February 9, 1981, defendant agreed to hire plaintiff at a salary of "$26,000 per year, subject to review after six months and at your annual starting date, annually thereafter". The letter further advised plaintiff that he would "be eligible for two weeks of paid vacation this year". Although the fact that plaintiff's salary was fixed on an annual basis does not alone establish a durational period for the unemployment (*Chase v United Hosp.,* 60 AD2d 558, 559; *Cartwright v Golub Corp.,* 51 AD2d 407, 409), the references to a review after six months and the entitlement to vacation can reasonably be construed as evidence of an intent that the hiring be for at least a certain period of time. Since the agreement is ambiguous, we agree with Special Term that factual issues exist, precluding summary judgment. Special Term also granted plaintiff leave to amend his complaint to plead a cause of action for negligently giving wrong information (see *White v Guarente,* 43 NY2d 356). Since defendant has not been prejudiced

by the granting of this relief, we see no reason to disturb Special Term's exercise of its discretionary power to grant plaintiff's request for "such other, further and different relief as to the Court seems fair and just" contained in his papers in opposition to defendant's summary judgment motion. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.