**Richard Pearson v. Simmonds Precision Products, Inc.**

[624 A.2d 1134]

No. 91-516

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 26, 1993

Motion to Clarify Denied March 19, 1993

*James W. Runcie* of *Ouimette & Runcie,* Vergennes, for Plaintiff-Appellee.

*Craig Weatherly* of *Gravel and Shea,* Burlington, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from superior court denial of its motions for judgment notwithstanding the verdict and for new trial, following a jury verdict in favor of plaintiff for negligent failure to disclose and negligent misrepresentation. We affirm in part and reverse in part.

Plaintiff, who had been laid off from his previous job, interviewed for a senior test engineer position with defendant on April 28, 1987. At the interview, plaintiff was told he would be working on Block 1 of Project 147, which involved the design of a fuel system for the Boeing B-2 bomber. The factual dispute at trial centered on representations made by defendant to induce plaintiff to accept defendant's job offer. Plaintiff claims that defendant assured plaintiff that his employment was not specifically tied to Block 1, that there would be other work for plaintiff in the event of the failure of Block 1, and that defendant's military work was only forty percent of its total work. Defendant claims that it made no guarantees to plaintiff regarding job se-

curity and that the employment contract, which allows termination at the employer's will, should have dispelled any of plaintiff's mistaken beliefs about job security. Defendant also denies having stated that its military work comprised only forty percent of its total work.

Relying on defendant's representations, plaintiff began work for defendant on May 18, 1987 and relocated from New Hampshire to Vermont in July of 1987. Defendant's Block 1 work was subsequently descoped, and plaintiff was laid off on September 25, 1987. At trial, the jury found for plaintiff and awarded him $92,000 for loss of past income, $71,200 for loss of future income and $42,000 for emotional distress.

Defendant appeals on several grounds, all of which relate to the two legal theories of the case below under the Restatement (Second) of Torts §§ 551, 552. First, defendant argues that the court erred in denying its motion for a directed verdict on the negligent failure to disclose claim because, under the Restatement (Second) of Torts § 551 (1977), it did not owe a duty to plaintiff and because the employment contract constituted a complete disclosure of all facts regarding plaintiff's job security. Defendant also asserts that the trial court erred in failing to charge the jury that any duty defendant owed to plaintiff under § 551 ended when plaintiff signed the employment contract and began work. In addition, defendant contends that there was insufficient evidence of a false statement of existing fact to support a verdict of negligent misrepresentation. Defendant further argues that it should have been granted a directed verdict because plaintiff's loss was not foreseeable. Finally, defendant argues that the trial court erred in charging the jury that it could award damages for emotional distress, and in failing to set aside that portion of the verdict due to insufficient evidence.

Contrary to defendant's contention, defendant owed a duty of care to plaintiff under Restatement (Second) of Torts § 551. A party to a business transaction has a duty to exercise reasonable care to disclose to the other party the following information before the transaction is consummated:

> (b) matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading; and

(c) subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so; and

. . . .

(e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.

Restatement (Second) of Torts § 551(2).

■ There was ample evidence that plaintiff was hired specifically for Block 1 of Project 147, which was facing serious cutbacks, and that before plaintiff was hired, defendant knew there was a good chance that plaintiff's job would be eliminated. Defendant failed to disclose this information to plaintiff prior to plaintiff signing his employment contract or beginning work, despite plaintiff's expressed concerns regarding job security. This situation fits within Restatement (Second) of Torts § 551; thus, the trial court did not err.

■ Defendant also contends that the trial court was wrong when it failed to hold that the employment contract constituted a complete disclosure regarding plaintiff's job security. A jury, however, may find negligent misrepresentation, despite contractual disclaimers, where the facts support such a finding. See *Silva v. Stevens*, 156 Vt. 94, 113, 589 A.2d 852, 863 (1991) (jury could have found that plaintiffs justifiably relied on defendants' negligent misrepresentation in spite of "as is" clause of real estate sale contract). The facts of the present case support the jury's finding.

On his first day of work, plaintiff signed an employment agreement, which he had never seen before, that stated that plaintiff's position could be terminated at any time. This agreement, however, did not inform plaintiff that he was being hired specifically for Block 1 or that an alternative to Block 1, which decreased defendant's need for plaintiff's position, was likely to be adopted by defendant. Therefore, it was reasonable for the jury to conclude, regardless of any such employment agree-

ment, that defendant breached its duty to disclose this information to plaintiff.

Defendant also asserts that the trial court erred in failing to charge the jury that any duty defendant owed to plaintiff under § 551 ended when plaintiff signed the employment contract and began work. We need not reach the issue of whether § 551 requires a continuing duty to disclose after the transaction was completed. All of defendant's alleged failures to disclose occurred prior to July 1987, the date of the second transaction between the parties, in which defendant gave plaintiff a loan to buy a house in Vermont and paid plaintiff's moving expenses. Thus, defendant's failures to disclose took place before the consummation of the second transaction, and § 551 applies.

Defendant contends that there was insufficient evidence of a false statement of existing fact to support a claim for negligent misrepresentation. Plaintiff testified, however, that during his interview, he expressed concern that companies carrying a high amount of military work tend to hire and fire employees as military contracts are commenced and completed. In response, defendant assured plaintiff that only 40% of its work was for the military, despite the fact that defendant's work load actually consisted of 70% military work. Further, plaintiff testified that he was led to believe his position did not depend on a specific project because he was told that other work was available in the event Project 147 was unsuccessful. Plaintiff was hired, however, exclusively for Block 1 and was laid off due to a descoping of Block 1. Although defendant presented contrary evidence, it is the role of the jury to evaluate witness credibility and to reconcile conflicting evidence, and "[n]o error arises merely because the jury accepts one party's proof over that of the other." *Claude G. Dern Electric, Inc. v. Bernstein*, 144 Vt. 423, 426–27, 479 A.2d 136, 138 (1984).

█ Defendant also argues that it should have been granted a directed verdict on both negligence claims because any damage to plaintiff's career was not foreseeable. To support its contention, defendant argues that plaintiff signed an employment agreement stating that his position could be terminated at any time. Reliance damages are available, however, where "the loss might reasonably be expected to result from the reliance." Restatement (Second) of Torts § 548A. There was sufficient evi-

dence that defendant knew that plaintiff was concerned about job security, had recently been laid off, and was concerned about the potential of another layoff from a company that performed a substantial amount of military work. Defendant's misrepresentations and failures to disclose induced plaintiff to accept defendant's offer of employment. Plaintiff's subsequent loss of employment and loss of future employment were foreseeable damages resulting from the reliance.

Finally, defendant argues that plaintiff was not entitled to recover damages for emotional distress because §§ 551 and 552 of the Restatement (Second) of Torts limits recovery to pecuniary damages. We agree. The case went to the jury on two legal theories, negligent misrepresentation (§ 552) and negligent failure to disclose (§ 551). Under the first legal theory, negligent misrepresentation, the damages recoverable are those necessary to compensate the plaintiff for the pecuniary loss suffered,[1] and not emotional distress. *Federal Land Bank Association v. Sloane*, 825 S.W.2d 439, 443 (Tex. 1991) (in an action for negligent misrepresentation under the Restatement, plaintiff may not recover damages for mental anguish). In *Branch v. Homefed Bank*, 8 Cal. Rptr. 2d 182 (Ct. App. 1992), a recovery for emotional distress was denied in an action for negligent misrepresentation. With facts similar to those presented here, the court stated:

> In sum, this was a case in which plaintiff's direct loss resulting from the negligent conduct of the defendant was economic. The consequential injury resulting from economic loss in terms of emotional distress is not compensable. Recovery for worry, distress and unhappiness as the result of . . . loss of a job . . . is not permitted when the defendant's conduct is merely negligent.

---

[1] Section 552B(1) of the Restatement (Second) of Torts states:
   (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including
      (a)  the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
      (b)  pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

*Id.* at 187; see also *Crowley v. Global Realty, Inc.*, 474 A.2d 1056, 1058 (N.H. 1984)(plaintiffs may not recover damages for mental and emotional distress in a claim for negligent misrepresentation).

    ■   Under the second theory of liability, negligent failure to disclose, the Restatement § 551 contains no specific language limiting damages to pecuniary loss. Section 551, however, is found in chapter 22 of the Restatement, which is entitled "Misrepresentation and Nondisclosure Causing Pecuniary Loss." The scope note to this chapter reads, in part, as follows:

> So far as misrepresentation has been treated as giving rise in and of itself to a distinct form of tort liability, it has been concerned and identified with resulting pecuniary loss.

Thus, emotional distress damages are not recoverable under § 551 of the Restatement.

In support of his contention that damages for emotional distress are available, plaintiff cites *Little v. York County Earned Income Tax Bureau*, 481 A.2d 1194 (Pa. Super. Ct. 1984), and *Silver v. Nelson*, 610 F. Supp. 505 (E.D. La. 1985). Neither case discusses the pecuniary loss limitation in the Restatement or the policy reasons for limiting recovery to pecuniary loss. *Little* permitted recovery under § 905(b) of the Restatement because the plaintiff had been falsely imprisoned for five days as a result of the negligent misrepresentation.[2] *Silver* would have allowed recovery on the authority of a Louisiana case which permitted recovery for emotional distress in the absence of physical injury when a tractor-trailer negligently came to rest on the top of the car being operated by the plaintiff — a case clearly distinguishable from the facts at hand.

The jury award for emotional distress is reversed and the matter remanded for entry of judgment consistent with this opinion.

*Affirmed in part and reversed in part. Remanded for entry of judgment consistent with this opinion.*

---

[2] The comment to § 905(b) notes that the principal element of damage in an action for false imprisonment is emotional distress. We do not suggest that recovery for emotional distress cannot be had where there is an infringement of some other interest.