(No. 81932.—

MICHAEL T. BROGAN, Appellee, v. MITCHELL INTERNATIONAL, INC., Appellant.

*Opinion filed February 20, 1998.*

HEIPLE and HARRISON, JJ., dissenting.

Wildman, Harrold, Allen & Dixon, of Chicago (James D. Fiffer and Vania I. Montero, of counsel), for appellant.

No appearance for appellee.

JUSTICE NICKELS delivered the opinion of the court:

The issue presented for review is whether there exists a legal duty to avoid negligent misrepresentations that cause emotional, rather than physical, harm. Plaintiff, Michael T. Brogan, is a former employee of the defendant, Mitchell International, Inc. Plaintiff filed an amended three-count complaint in the circuit court of Cook County, alleging negligent misrepresentation, breach of fiduciary duty and breach of contract. Defendant's motion to dismiss the complaint was granted and

plaintiff appealed. The appellate court reversed only the dismissal of plaintiff's count alleging negligent misrepresentation, finding that there exists a duty to avoid inaccurately conveying information that causes emotional harm. No. 1—95—0235 (unpublished order under Supreme Court Rule 23). This court granted defendant's petition for leave to appeal (166 Ill. 2d R. 315). We reverse.

## BACKGROUND

Plaintiff's amended complaint contains the following allegations. Plaintiff responded to a newspaper advertisement placed by defendant soliciting employment applications for the position of marketing manager. On January 13, 1994, plaintiff interviewed with defendant's human resources manager, who told him that the company was expanding and growing. Plaintiff later interviewed with defendant's vice-president, who told him that the company was a "$35 million per year" company which was going to "double its size" over the next two to three years. On February 25, 1994, defendant's vice-president offered plaintiff the position. Relying on these representations, plaintiff accepted the offer and terminated his previous employment.

Plaintiff began working for the defendant on March 21, 1994. Shortly thereafter, plaintiff learned from other employees that defendant's financial condition was not strong. Plaintiff determined that his new company was not a "$35 million per year" company and that it was not likely to double in size in the next several years. On May 31, 1994, defendant announced that it was suffering severe financial difficulties. On June 2, 1994, plaintiff was fired as part of what defendant described as an "economically-induced restructuring."

From these allegations, plaintiff set forth a two-count complaint that was dismissed. Plaintiff subsequently filed an amended complaint containing three

counts. Count I sought recovery under a negligent misrepresentation theory, alleging that defendant acted as a "recruiting firm" and was therefore in the business of supplying information to plaintiff when it hired him. Count I further alleged that defendant's misrepresentations caused plaintiff economic loss and severe emotional injury. Count II alleged that defendant breached a fiduciary duty owed to the plaintiff. Count III alleged that defendant breached an express contract of employment.

Defendant moved to dismiss the action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). Defendant argued that plaintiff's complaint failed to state a cause of action for negligent misrepresentation because as a prospective employer defendant was not in the business of supplying information to others for guidance in their business transactions. Defendant also argued that plaintiff failed to plead facts showing any fiduciary or contractual relationship between the parties. The circuit court agreed with defendant's arguments and dismissed plaintiff's entire complaint. Plaintiff appealed.

The appellate court affirmed the circuit court's dismissal of the counts seeking recovery under theories of breach of fiduciary duty and breach of contract, but reversed the court's finding that plaintiff's complaint failed to state a cause of action for negligent misrepresentation. No. 1—95—0235 (unpublished order under Supreme Court Rule 23). The appellate court did not address the issue of whether defendant was in the business of supplying information. Instead, the appellate court determined that plaintiff's complaint states a cause of action for negligent misrepresentation because it alleges that the misrepresentation caused severe emotional distress. Relying on *Corgan v. Muehling*, 143 Ill. 2d 296 (1991), the appellate court reasoned that plaintiff's allegation that he suffered severe emotional harm equates

to physical harm for purposes of establishing a duty to convey accurate information.

We allowed the defendant's petition for leave to appeal. Defendant argues that the appellate court erred in equating emotional harm to physical harm for purposes of stating a cause of action for negligent misrepresentation. Plaintiff did not enter an appearance in this court and did not file a brief challenging the dismissal of the remaining counts in his complaint. Therefore, the sole issue before this court is whether the appellate court erred in finding that there exists a duty to avoid negligent misrepresentations that cause emotional, rather than physical, harm.

## ANALYSIS

A motion to dismiss under section 2—615 tests the legal sufficiency of a pleading. *Doe v. Calumet City*, 161 Ill. 2d 374, 384 (1994). In determining the legal sufficiency of a complaint, all well-pleaded facts are taken as true and all reasonable inferences from those facts are drawn in favor of plaintiff. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d at 490. A reviewing court must determine whether the allegations in a complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Connick*, 174 Ill. 2d at 490. The sufficiency of a complaint is an issue of law that we review *de novo*. *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996).

In order to state a cause of action for negligent misrepresentation, plaintiff's complaint must first allege facts establishing a duty owed by the defendant to communicate accurate information. *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428, 452 (1989). To date, this court has recognized a duty to communicate accurate information in only two circumstances. First, this court has imposed a duty to avoid negligently conveying false information that results in physical injury to a person

or harm to property. *Board of Education*, 131 Ill. 2d at 454-56; see generally Restatement (Second) of Torts § 311 (1965). Second, this court has imposed a duty to avoid negligently conveying false information where one is in the business of supplying information for the guidance of others in their business transactions. *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 89 (1982).

The appellate court determined that plaintiff's complaint states a cause of action for negligent misrepresentation under a theory of physical injury. The appellate court found that plaintiff's allegation that he suffered severe emotional harm "satisfies the pleading requirement of a physical injury." The appellate court cited to *Corgan v. Muehling*, 143 Ill. 2d 296 (1991), apparently reasoning that under *Corgan* severe emotional harm may be equated with physical harm.

The appellate court misread *Corgan* and failed to distinguish between the torts of negligent misrepresentation and negligent infliction of emotional distress. In *Corgan*, plaintiff sought to recover damages from her psychologist under a theory of negligent infliction of emotional distress after they engaged in sexual intercourse under the guise of treatment. This court first determined that the special nature of the therapist-patient relationship gives rise to a duty on the part of the therapist to refrain from activity that could cause emotional or mental harm. *Corgan*, 143 Ill. 2d at 307.

A second issue in *Corgan* was whether a plaintiff must plead physical manifestations of the emotional distress in order to state a claim for negligent infliction of emotional distress. Several states had imposed such a pleading requirement for negligent infliction of emotional distress claims because of the difficulty in separating valid claims from those that are feigned or imagined. *Corgan*, 143 Ill. 2d at 309. This court in *Corgan* rejected

the requirement that a plaintiff asserting a claim of negligent infliction of emotional distress plead physical manifestations of the distress. The court reasoned that juries were capable of determining whether claims of emotional distress were genuine. *Corgan*, 143 Ill. 2d at 312.

The appellate court erred in relying upon *Corgan* as support for its holding that there exists a duty to avoid negligent misrepresentations that cause only emotional harm. The appellate court appears to have mistakenly seized upon the discussion in *Corgan* rejecting the requirement that plaintiffs plead physical symptoms in claims for negligent infliction of emotional distress and applied it to the question of the scope of the duty to avoid negligent misrepresentations.

There exists no broad duty to avoid misrepresentations that cause only emotional harm. This court has adopted the Restatement (Second) of Torts § 311 (1965), which is entitled "Negligent Misrepresentation Involving Risk of Physical Harm." *Board of Education*, 131 Ill. 2d at 456. Physical harm is defined as encompassing personal injury or property damage, not emotional injury. *Board of Education*, 131 Ill. 2d at 456. The limited nature of negligent misrepresentation liability serves to preserve the proper sphere of contractual-based recovery and prevents the creation of tort liability which could unduly impede the flow of communication in society. With these considerations in mind, we find that the appellate court erred in equating emotional harm with physical injury for purposes of establishing a duty to convey accurate information.

In *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428 (1989), it was acknowledged that this court has not yet established the full extent of negligent misrepresentation liability. Other states have recognized a duty to avoid negligent misrepresentations in the employment

context. See, *e.g.*, *Pearson v. Simmons Precision Products, Inc.*, 160 Vt. 168, 624 A.2d 1134 (1993); *D'Ulisse-Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 520 A.2d 217 (1987); *Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623 (Ind. App. 1983). However, plaintiff has not filed a brief in this case and presents no argument for expanding negligent misrepresentation liability beyond its present scope. Therefore, we stop at reversing the appellate court's determination that there exists a duty to avoid negligent misrepresentations that cause emotional injury, rather than physical harm.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

JUSTICE HEIPLE, dissenting:

The complaint filed in this case by plaintiff Michael T. Brogan contained the following allegations. Brogan responded to a newspaper advertisement soliciting employment applications for the position of Mitchell's marketing manager. On January 13, 1994, Brogan interviewed with Mitchell's human resources manager, who told him that Mitchell was expanding and growing. On January 28, Brogan interviewed with Mitchell's vice-president, who told him that Mitchell was a "$35 million per year" company which was going to "double its size" over the next two to three years. On February 14, the company's president enthusiastically described to Brogan Mitchell's anticipated growth in the near future. On February 25, Mitchell's vice-president offered Brogan the position as marketing manager, telling Brogan that the position was a "real opportunity." On March 4, the

vice-president told Brogan that the real benefit of the offered position was its future.

The complaint alleged that on the basis of these representations, Brogan terminated his previous employment, declined to seek employment elsewhere, and accepted the position with Mitchell. Shortly after beginning work on March 21, Brogan learned from other employees that Mitchell's financial condition was not strong. Specifically, he discovered that Mitchell was not a "$35 million per year" company and that it was not likely to "double its size" over the next two to three years. On May 31, Mitchell announced that it was experiencing severe financial difficulties. On June 2, Brogan was fired as part of what Mitchell described as an "economically-induced restructuring."

The complaint alleged that as a result of the misrepresentations by Mitchell's management regarding the company's financial strength, Brogan suffered substantial economic harm and severe emotional harm attending the loss of employment. Defendant Mitchell International, Inc., moved to dismiss the complaint on the grounds that it was not subject to suit for negligent misrepresentation because it was not in the business of supplying information. The circuit court dismissed the action with prejudice.

When the legal sufficiency of a complaint is challenged by a motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), we must accept all well-pleaded facts as true and determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490 (1996).

I agree with the majority that a defendant may not be held liable for emotional harm allegedly caused by a

negligent misrepresentation. I nevertheless dissent because I believe that, in this case of first impression, this court should follow the lead of courts in other states by holding that parties to employment negotiations have a duty to avoid causing economic loss through negligent communication of inaccurate information.

This court has heretofore allowed recovery of economic damages caused by a negligent misrepresentation only when the defendant was in the business of supplying information. As the majority notes, however, the court has indicated that there may be other appropriate bases of liability for economic loss in negligent misrepresentation actions. *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428, 454 (1989). I believe that allegations of negligent misrepresentation in the employment context, such as those in the instant case, implicate many considerations similar to those which have led us in the past to impose a duty of care upon suppliers of information.

For example, prospective employers offering information about themselves to potential employees are in a position of decided superiority from which to verify the accuracy of that information. The potential employee is therefore justified in expecting that the prospective employer will use care in obtaining and communicating that information.

Furthermore, the employment relationship is not readily analogous to the relationship between a typical buyer and seller of goods, in which economic damages based on negligent misrepresentation are precluded. Rather than ending with the delivery of certain merchandise, as does the typical commercial relationship, the employee/employer relationship is only just beginning during hiring negotiations. Because prospective employers know that the information provided during these negotiations will be relied upon and will influence

the relationship well into the future, they should be under a duty of care in providing this information to potential employees.

Finally, as with parties who contract with each other for the production of information, an employer and employee possess many common interests. Both stand to benefit from the employer's success and suffer from its failure. Both thus have an interest in obtaining accurate information about the condition of the firm or potential employee. Given this commonality of interest, each party should be permitted to hold the other to a duty of care in making representations.

These considerations apply forcefully in the instant case when the allegations of the complaint are taken as true, as they must be in the current procedural posture. First, Mitchell was uniquely capable of verifying the accuracy of the information regarding its financial strength it provided Brogan during the hiring negotiations. Second, the parties clearly contemplated that their mutual decision to embark on an employment relationship was merely the beginning of a long-term association. Finally, Brogan and Mitchell shared an interest in the accuracy of any information which might affect the firm's employment of a marketing manager.

I would therefore hold that Mitchell had a duty to use reasonable care to insure the accuracy of the information it provided Brogan during the parties' hiring negotiations. Similar reasoning has led courts in other states to allow negligent misrepresentation actions for economic loss within the employer/employee context. See, *e.g.*, *Pearson v. Simmonds Precision Products*, 160 Vt. 168, 624 A.2d 1134 (1993); *Branch v. Homefed Bank*, 6 Cal. App. 4th 793, 8 Cal. Rptr. 2d 182 (1992); *D'Ulisse-Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 520 A.2d 217 (1987); *Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623 (Ind. Ct. App.

1983); *Myers v. Coradian Corp.*, 92 A.D.2d 643, 459 N.Y.S.2d 929 (1983). By failing to recognize such a duty, the majority encourages other potential defendants to engage in the types of exaggeration, distortion, and deception which allegedly caused Brogan's damages in the instant case.

For these reasons, I respectfully dissent.

JUSTICE HARRISON, also dissenting:

I agree with Justice Heiple that Mitchell had a duty to use reasonable care to insure the accuracy of the information it provided Brogan during the parties' hiring negotiations. I would further hold, however, that a cause of action exists for negligent misrepresentations that cause emotional harm. Because juries are capable of determining whether claims of emotional distress are genuine, as this court has already recognized (*Corgan v. Muehling*, 143 Ill. 2d 296, 312 (1991)), there is no justification for differentiating emotional injuries from physical ones.

The majority is concerned that the recognition of tort liability here "could unduly impede the flow of communication in society," but I fail to see the social utility in protecting the sort of misconduct committed by the employer in this case. Implicit in the majority's position is the belief that our system must make allowances for dishonesty in order to function and that business cannot thrive without the freedom to trick employees. I hope this is not true, but if it is, it is time for the system to change.