**Margaret KALUSH, Plaintiff–Appellant,**

v.

**DELUXE CORPORATION, Defendant–Appellee.**

No. 98–2246.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1999.

Decided March 22, 1999.

Jerome W. Pinderski (argued), Pinderski & Pinderski, Palatine, IL, for Plaintiff–Appellant.

Tracy A. Peterson (argued), Matkov, Salzman, Madoff & Gunn, Chicago, IL, for Defendant–Appellee.

Before FLAUM, ROVNER and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

Margaret Kalush, an Illinois resident, appeals from summary judgment in favor of Deluxe Corporation ("Deluxe"), a Minnesota corporation, on her diversity suit for breach of employment contract and promissory estoppel. We now affirm.

## I. BACKGROUND

Margaret Kalush began working for Deluxe Corporation in its Bensenville, Illinois plant on January 22, 1973 as an order entry clerk. After numerous promotions, Kalush became a manager in 1980. In June 1994, Deluxe began a plant consolidation at the Bensenville facility. As a result of this consolidation, Deluxe notified certain "affected" employees that they might lose their jobs and explained severance packages that might be available to them. In January 1995, Deluxe began a company-wide restructuring and notified employees of their potential displacement and their severance options. Deluxe only planned to offer these severance benefits to employees who were not terminated for poor performance.

In June 1995, Bernard Sponsel, Kalush's supervisor, met with Kalush to discuss the company's restructuring and its effect on her. Kalush was informed that, as an "affected" employee, she had two options: she could quit and take what was called the "Business System's" severance package worth one year's salary (approximately $50,000) or she could remain employed at the company in the Customer Interface Project ("CIP") in a position that would

1. Kalush's 1993 and 1994 performance evaluations were favorable.

2. Kalush also filed an action at the Illinois Department of Human Rights, alleging that Deluxe terminated her because of her age.

eventually be phased out as well at which time she would be eligible for a severance package worth approximately $25,000. Sponsel encouraged Kalush to take the $50,000 Business System's package. Kalush, however, chose to remain with the company in the CIP. Kalush was given a copy of the company's Employee Handbook which explained that employment at Deluxe was on an at-will basis, and she later admitted that Deluxe never promised not to terminate her prior to completion of the CIP.

In August 1995, Deluxe's human resource managers audited the Bensenville plant and concluded, among other things, that Kalush's performance as a manager was deficient because of her weak counseling and coaching skills.[1] As a result of the audit, Deluxe put Kalush on probation. At that time, Sponsel began a review of Kalush's performance and, after five months, found other deficiencies—none of which are disputed by Kalush—and fired her effective January 31, 1996. Kalush was not offered a severance package because she was terminated for poor performance.

Kalush filed a complaint against Deluxe for breach of an oral employment contract and promissory estoppel.[2] Deluxe removed the suit to federal court and moved for summary judgment. The district court granted Deluxe's motion and Kalush now appeals.

## II. ANALYSIS

### A. Standard of Review.

This court reviews a grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Bragg v. Navistar Internat'l Transp. Corp.*, 164 F.3d 373, 376 (7th Cir.1998); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th

The IDHR dismissed her complaint and the Illinois Appellate Court affirmed the dismissal, holding that Kalush failed to present sufficient evidence of age discrimination.

Cir.1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bragg,* 164 F.3d at 376; *Salima v. Scherwood South, Inc.,* 38 F.3d 929, 931 (7th Cir.1994).

### B. Existence of an Employment Contract.

 The district court granted summary judgment for Deluxe on Kalush's breach of contract claim because it found that no employment contract existed. Kalush argues that this was error and that she should be able to proceed to trial on her breach of contract theory. In Illinois, employment contracts are presumed to be at-will and terminable by either the employee or the employer. *McInerney v. Charter Golf, Inc.,* 176 Ill.2d 482, 223 Ill. Dec. 911, 680 N.E.2d 1347, 1349 (Ill.1997). In order to rebut this presumption and to establish her oral employment contract claim, Kalush had to present evidence sufficient to establish the existence of (1) a clear and definite promise and (2) adequate consideration. *Id.* Kalush failed to do so. Kalush's own deposition testimony established that Deluxe never made a clear and definite promise. When she was asked whether any supervisor ever indicated that Deluxe was restricted in any way from terminating her employment prior to the completion of the CIP, Kalush responded "no."

 The district court also correctly determined that Kalush failed to establish adequate consideration to support the existence of an oral contract. Under Illinois law, an oral employment contract must be supported by consideration adequate to suggest that the alleged agreement involved a bargained-for exchange of mutual obligations. *Id.* at 1350. We agree with the district court's finding that there was no consideration to support this alleged contract.

First, there was no bargained-for exchange between the parties. Kalush claims that she gave up the first severance package worth $50,000 in consideration for employment until the CIP position was phased out. However, the record shows that Deluxe, through Sponsel, encouraged Kalush to take the first severance package rather than remain employed with the CIP. Thus, Kalush has not shown that she gave up anything of value in consideration of Deluxe's offer of continued employment. Second, as Kalush testified that she was free to quit her employment at any time, there was no mutuality of obligation. Finally, the evidence shows that Kalush received a copy of Deluxe's Employee Handbook which expressly provides that employment at Deluxe is at will. Thus, the district court was correct in concluding that there was no oral employment contract between the parties.

### C. Collateral Estoppel.

 Next, Kalush challenges the district court's conclusion that even if a contract existed, there were adequate grounds to terminate her for poor performance. Deluxe responds that Kalush is estopped from arguing that she was not terminated for poor performance based on the findings made in an age discrimination proceeding filed by Kalush in the Illinois Department of Human Rights ("IDHR"). Deluxe defended Kalush's age discrimination claim by arguing that Kalush was terminated for poor performance. The IDHR found in favor of Deluxe and the Illinois Appellate Court affirmed. The Illinois Supreme Court denied Kalush's petition for review. Deluxe relies on *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1263 (7th Cir.1989), which held that the Illinois Appellate Court's affirmance of the Human Rights Commission's dismissal of an age discrimination claim barred further litigation in federal court on the identical issue. Thus Deluxe reasons, the adjudication of Kalush's age discrimination claim collaterally estops her from arguing that she was not fired for

poor performance. Unlike *DiAngelo*, however, which held that state adjudication of a discrimination claim barred federal litigation of that same discrimination claim, this case presents a situation where the issues being adjudicated in the two proceedings are not identical. Thus, we find Deluxe's argument misplaced.

■ Under Illinois law, collateral estoppel requires that: (1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there be a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action. *Herzog v. Lexington Township*, 167 Ill.2d 288, 212 Ill.Dec. 581, 657 N.E.2d 926 (1995). The dispositive issue here—Kalush's inadequate job performance—was never litigated in state court. Rather, the IDHR found insufficient evidence to support the age discrimination claim and the Illinois Appellate Court affirmed that decision. *See Kalush v. Illinois Dept. of Human Rights*, 298 Ill.App.3d 980, 233 Ill. Dec. 31, 700 N.E.2d 132, 143 (1998). The issue of her poor performance was only tangentially discussed in the state decision, but no specific findings of fact were made on that issue. Therefore, the state proceeding has no preclusive effect on the current breach of contract dispute.

### D. Termination for Poor Performance.

■ On the merits, however, the district court's decision is amply supported by the record. The evidence shows that Kalush received sub-par evaluations by the human resource department auditors and that Sponsel's five-month long review of her work uncovered numerous problems in her performance as a manager. Although she admits that her performance was poor in 1995, Kalush argues that the allegations of poor performance are highly suspect because (1) top management clearly wanted to end her employment with Deluxe and (2) it is unlikely that a twenty-two year veteran employee who had been receiving favorable reviews would suddenly receive poor evaluations. However, Kalush has not presented any evidence supporting these charges. Moreover, Kalush admits that she failed to perform some of her required duties in 1995. Additionally, Deluxe presented evidence that as part of the consolidation process it began to seek a higher standard of performance, a standard that Kalush could not reach. Even if we assume that an oral contract existed, Kalush has not persuaded us that a reasonable trier of fact could conclude that Deluxe did not terminate her for poor performance.

### E. Promissory Estoppel.

■ Kalush also argues that even if the court finds that she did not have an employment contract, she is entitled to relief under a theory of promissory estoppel. In an employment situation, promissory estoppel requires proof of the following: (1) an unambiguous promise of employment communicated from the employer to the employee; (2) reasonable reliance on the promise of employment by the employee; (3) the reliance was expected and foreseeable by the employer; and (4) the reliance was to the employee's detriment. *Quake Construction, Inc. v. American Airlines*, 141 Ill.2d 281, 152 Ill.Dec. 308, 565 N.E.2d 990, 1004 (1990). As discussed above, Kalush's own deposition testimony shows that Deluxe never made an unambiguous promise of employment. Thus, Kalush cannot rely on a theory of promissory estoppel.

### III. CONCLUSION

For the reasons stated herein, the district court correctly disposed of Kalush's claims on summary judgment. Therefore, that judgment is AFFIRMED.