Phillip K. DOUGHERTY, Plaintiff,

v.

AKZO NOBEL SALT INC., Defendant.

No. 98 C 1133.

United States District Court,
N.D. Illinois,
Eastern Division.

April 30, 1999.

Todd A. Rowden, David Bradley Altman, Joel A. Brodsky, Wilson & McIlvaine, Chicago, IL, for Phillip K Dougherty, plaintiff.

David Benjamin Goodman, Arnstein & Lehr, Chicago, IL, Ann–Katrina Saranti Christakis, Arnstein & Lehr, Chicago, IL, for Akzo Nobel Salt Inc, defendant.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Phillip K. Dougherty filed this diversity lawsuit against Akzo Nobel Salt, Inc. ("Akzo") alleging claims for promissory estoppel and negligent misrepresentation. Akzo now moves for summary judgement under Federal Rule of Civil Procedure ("Rule") 56. For the reasons stated in this opinion, Akzo's motion is granted in its entirety and this action is dismissed with prejudice.

### FACTS

Dougherty was employed as regional manager of Akzo's Grocery Group, a corporation that engages in substantial business in Chicago. In December 1996, Akzo executed an agreement whereby Cargill Incorporated ("Cargill") purchased Akzo. In April 1997, when the acquisition became final, Cargill interviewed former-Akzo employees for the purpose of determining who would be retained. On April 17, 1997, Cargill informed Dougherty that he would not be rehired. Dougherty alleges that his supervisor at Akzo, Art Armstrong, promised that his job would survive Cargill's acquisition of Akzo. Additionally, he claims he reasonably relied on Armstrong's assurances and that Armstrong either knew or should have known his job was at risk.

We discuss the facts in greater detail below.

### APPLICABLE STANDARDS

Summary judgment principles require a party seeking summary judgment to establish the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This Court must view the facts in the light most favorable to the non-moving party, although it "is not required to draw unreasonable inferences from the evidence." *St. Louis North Joint Venture v. P & L Enters., Inc.*, 116 F.3d 262, 265 n. 2 (7th Cir.1997). As a practical matter, the inquiry is "whether the nonmovant has a fighting chance at trial." *Shager v. Upjohn Co.*, 913 F.2d 398, 403 (7th Cir.1990).

### PROMISSORY ESTOPPEL CLAIM

In Count I of his complaint, Dougherty sues Akzo for promissory estoppel. The elements of a promissory estoppel claim in Illinois are well established:

promissory estoppel requires proof of the following: (1) an unambiguous promise of employment communicated from the employer to the employee; (2) reasonable reliance on the promise of employment by the employee; (3) the reliance was expected and foreseeable by the employer; and (4) the reliance was to the employee's detriment.

*Kalush v. Deluxe Corp.*, 171 F.3d 489, 490 (7th Cir.1999) (quoting *Quake Constr. v. American Airlines*, 141 Ill.2d 281, 152 Ill. Dec. 308, 565 N.E.2d 990, 1004 (1990)); *see also All–Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869 (7th Cir.1999) ("Promissory estoppel is not a doctrine designed to give a party a second bite at the apple in the event it fails to prove a breach of contract.") (quoting *Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984)). A promise is unambiguous if it is "clear enough that an employee would reasonably believe that an offer has been made." *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 106 Ill.Dec.

8, 505 N.E.2d 314, 318 (1987); *see also Tolmie v. United Parcel Serv. Inc.*, 930 F.2d 579, 581 (7th Cir.1991). "This determination need not be made by a jury." *Tolmie*, 930 F.2d at 581.

At issue in this case is the reasonableness of Dougherty's belief that a promise was made, and whether he suffered any injury as a result of his reliance. Dougherty alleges Akzo made two promises. First, he claims that Armstrong, his supervisor, told him he did not qualify for an early retirement package because he was a critical employee (the "critical statement"). This promise occurred in November of 1996, approximately five months before the acquisition. Second, Dougherty alleges that on the evening before his Cargill interview, Armstrong relayed a message from Cargill's President: "[t]ell your men not to worry, the Grocery Group is coming over" (the "last supper statement").[1]

*Tolmie* is instructive as to the "critical statement." In *Tolmie*, the plaintiff expressed concern to his supervisor about the loss of his "good cause" status if he accepted a promotion to management. 930 F.2d at 580. The supervisor "assured him that he would have nothing to worry about, insofar as job security was concerned, because 'it is harder to fire management than other employees' of UPS." *Id.* at 580. Soon after the plaintiff accepted the promotion, UPS discharged him. *Id.* The court held that the supervisor's assurances did not qualify as an unambiguous promise because of the statement's "general nature" and its many possible interpretations. *Id.* at 581.

■ The first of the two Armstrong statements, the "critical statement," is too general to constitute an unambiguous promise. Dougherty asked a question about retirement plans and he received an answer that addressed his inquiry. Even drawing all permissible inferences in Dougherty's favor, the Court cannot interpret Armstrong's response as a definite promise of continued employment. Therefore, the "critical statement" cannot provide a basis for Dougherty's promissory estoppel claim.

■ We need not decide whether the "last supper statement" was an unambiguous promise because Dougherty cannot establish that he reasonably relied on that statement. Immediately after making the "last supper statement", Armstrong informed the Grocery Group members that he would deny making the statement if anyone tried to hold him to it. *See Luciani v. Bestor*, 106 Ill.App.3d 878, 62 Ill.Dec. 501, 436 N.E.2d 251, 256 (1982) (holding circumstances surrounding the transaction and the parties' prior business experience determine justifiable reliance); *see also Teamsters Local 282 Pension Trust Fund v. Angelos*, 839 F.2d 366, 371 (7th Cir. 1988). This should have been Dougherty's first clue that Armstrong was not making a promise he could depend on.

■ Moreover, Dougherty's reliance on the "last supper statement" was unreasonable because Armstrong lacked authority to promise anything on Cargill's behalf. "The authority of the agent may only come from the principle and it is therefore necessary to trace the source of an agent's authority to some word or act of the alleged principle." *Schoenberger v. Chicago Transit Auth.*, 84 Ill.App.3d 1132, 39 Ill. Dec. 941, 405 N.E.2d 1076, 1080 (1980). Additionally, "[t]he authority to bind will not be presumed, but rather, the person alleging authority must prove its source unless the act has been ratified." *Id.* Dougherty has not established an endowment of authority given to Armstrong by Cargill.

Furthermore, Dougherty knew that Armstrong was without authority to promise him a job with Cargill; he knew that Cargill was interviewing all of the former-

---

1. The parties have referred to this dinner party, hosted by Armstrong, as "the last supper" because it was the last time Akzo employees met before the Cargill interviews. Thus, the Court will refer to this statement as the "last supper statement."

Akzo employees before deciding who to retain and that his interview was scheduled for the following day. Dougherty is an experienced business person and should have known that he could not rely on Armstrong's statement, particularly once Armstrong made clear he would not stand by the statement. Thus, Dougherty's promissory estoppel claim must fail because his reliance on the "last supper statement" was unreasonable.[2]

■ Finally, there is no evidence that Dougherty suffered any detriment by relying on the "last supper statement." Armstrong made the "last supper" remark on April 6, 1997, and on April 17, 1997 Dougherty learned Cargill would not offer him employment. Dougherty does not allege that he took any action relying on Armstrong's "last supper statement" between the time of the statement and the time he was terminated. Thus, he has not established any injury arising from his reliance on the "last supper statement." As already noted the "critical statement" was not definite enough to satisfy the first element of promissory estoppel, so this Court need not reach the issue of detrimental reliance on the "critical statement."

In sum, a reasonable jury could not return a verdict in favor of Dougherty's promissory estoppel claim. Therefore, we must grant summary judgment on this claim in favor of Akzo.

### NEGLIGENT MISREPRESENTATION CLAIM

Dougherty's negligent misrepresentation claim fails because, under Illinois law, that tort does not apply to a case like this one. The Illinois Supreme Court recently held that negligent misrepresentation requires a plaintiff to establish a duty on the part of the defendant to communicate accurate information. *Brogan v. Mitchell Int'l, Inc.*, 181 Ill.2d 178, 229 Ill.Dec. 503, 692 N.E.2d 276, 278 (1998). Illinois has only recog-

nized a duty to communicate accurate information in two circumstances: when the defendant negligently communicates false information resulting in physical injury, and when the defendant is "in the business of supplying information for the guidance of others in their business transactions." *Brogan*, 229 Ill.Dec. 503, 692 N.E.2d at 278.

■ In this case, Dougherty does not allege any physical injury, and Akzo is not in the business of supplying information to its employees to guide their business transactions. Illinois specifically limits the tort of negligent misrepresentation to "reserve the proper sphere of contractual-based recovery and prevent the creation of tort liability which could unduly impede the flow of communication in society." *Brogan*, 229 Ill.Dec. 503, 692 N.E.2d at 278. While other jurisdictions may permit the tort of negligent misrepresentation in employment situations, Illinois does not.

■ Dougherty asserts that Akzo assumed the duty to disseminate accurate information about the acquisition process and employment with Cargill. If Akzo assumed the duty to disseminate accurate information about Cargill's intentions, Akzo could be liable despite its lack of a common law duty to disseminate accurate information. But Dougherty presents no factual basis to support his argument. Unless Akzo assumed the duty to disseminate accurate information, Dougherty's argument must fail. *See American States Ins. Co. v. A.J. Maggio Co.*, 229 Ill.App.3d 422, 171 Ill.Dec. 263, 593 N.E.2d 1083, 1085–86 (1992) (refusing to impose a duty beyond common law on company that did not assume such a duty through contract).

Dougherty has not established Akzo assumed the duty to disseminate accurate information. Instead, he asserts that Akzo management knew terminations would result from the merger; knew that employees wanted to know about potential

---

**2.** This same analysis of Armstrong's authority would also be fully applicable to Dougherty's "critical statement" promissory estoppel claim.

terminations; and failed to communicate accurate information about the terminations. These allegations do not in any way support an inference that Akzo assumed the duty to disseminate accurate information. Dougherty also asserts Akzo management told employees that it would attempt to keep the employees updated on the Cargill transaction. Again, this statement does not establish Akzo assumed the duty to communicate accurate information.

This court can find no evidence indicating Akzo assumed the duty to communicate accurate information, and we decline to "re-negotiate" Dougherty's contract with Akzo to supply such a duty. To impute to Akzo a duty beyond what Illinois common law requires is not within the power of this Court.

Finally, Dougherty argues that the "promissory fraud" exception to negligent misrepresentation applies to this case. But that exception is a response to an affirmative defense to negligent misrepresentation. As already noted, the negligent misrepresentation claim is itself without merit. *See Bower v. Jones*, 978 F.2d 1004, 1011–12 (7th Cir.1992); *Johnson v. George J. Ball, Inc.*, 248 Ill.App.3d 859, 187 Ill. Dec. 634, 617 N.E.2d 1355, 1361 (1993). Because Dougherty cannot establish a claim for negligent misrepresentation, Akzo need not assert an affirmative defense and the promissory fraud exception is not applicable.

A claim of negligent misrepresentation must fit into one of two categories of cases: when negligently false information results in physical injury, and when the defendant is in the business of supplying information. This case fits neither category. Thus, this Court must dismiss Dougherty's negligent misrepresentation claim as a matter of law.

### CONCLUSION

In the final analysis, Dougherty is one of the many unfortunate victims of today's corporate mergers and acquisitions. While we are sympathetic to Dougherty's situation, we conclude that he has failed to submit sufficient evidence to establish either a promissory estoppel or a negligent misrepresentation claim. Accordingly, Akzo's Motion for Summary Judgment is granted (27–1) and the remaining counts of the current amended complaint are hereby dismissed with prejudice.