**Douglas ASAD, As Trustee Of The Dean T. Pappas and Bette V. Pappas Irrevocable Life Insurance Trust, Plaintiff,**

v.

**HARTFORD LIFE INSURANCE COMPANY, d/b/a ITT Hartford, Defendant.**

No. 99 C 5612.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 11, 2000.

**962**

Kevin Michael O'Brien, Attorney at Law, Chicago, IL, Douglas Alan Willis, Douglas A. Willis, P.A., Palm Beach Gardens, FL, for Dean Pappas, Plaintiff.

Joel S. Feldman, Sachnoff & Weaver, Ltd., Chicago, IL, for Hartford Life Insurance Company dba ITT Hartford, Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, United States Magistrate Judge.

Like many conscientious Americans, Dean Pappas, a citizen of Illinois, wanted to plan for retirement. His broker Douglas Asad contacted Hartford Life Insurance Company ("Hartford"), a Connecticut firm, where insurance agent Wold suggested that Pappas purchase a "last survivor interest sensitive policy." He expected to pay $60,000 in out-of-pocket annual premiums for ten years. Thereafter, dividends and interest would accumulate to cover the premium payments, a feature known as a "vanishing premium." But after Pappas paid the premiums for eight years, Hartford contacted him and explained that his premium payments would not vanish; in fact, it estimated that Pappas would need to make premium payments for seventeen more years. Pappas sued and Hartford removed to federal court. His first complaint was dismissed because the policy was owned by the Pappas Trust rather than Mr. Pappas personally. Asad now brings this complaint as trustee of the Pappas' irrevocable life insurance trust and alleges: (1) a violation of the Illinois Consumer Fraud Act, 815 ILCS 20½ *et seq.;* (2) common law fraud; (3) fraudulent inducement; (4) unjust enrichment; (5) negligent misrepresentation; (6) breach of contract; (7) anticipatory breach of contract (8) breach of fiduciary duty; (9) and breach of the implied duty of good faith and fair dealing. Hartford moves to dismiss, and I grant the motion in part and deny it in part.

### I.

On a motion to dismiss, I construe the complaint's allegations in the light most favorable to the plaintiff. *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir.1998). I take as true all well-pleaded allegations in plaintiff's complaint, and grant a motion to dismiss only if it is clear that the plaintiff cannot prove any set of facts that would

entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## II. *Standing and Ripeness*

■ Hartford argues that Mr. Asad lacks standing because the complaint is not ripe. A claim is not ripe if it rests upon contingent future events that may not occur as anticipated or may not occur at all. *Thomas v. Union Carbide Agricultural Products,* 473 U.S. 568, 581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). Hartford says that Mr. Asad cannot allege injury on behalf of the trust until an out-of-pocket premium payment is made, citing *Frith v. Guardian Life Insurance Co. of America,* 9 F.Supp.2d 734, 738 (S.D.Tex.1998); *Solomon v. Guardian Life Insurance Co. of America,* No. 96–1597, 1997 WL 611586, at *2 (E.D.Pa. Sept. 26, 1997). It argues that Mr. Asad's claim rests upon contingent future events that may not occur as anticipated or may not occur at all. *Thomas,* 473 U.S. at 581, 105 S.Ct. 3325. Perhaps dividend payments and interest rates will make a miraculous recovery.

■ However, in another similar case the Northern District of Mississippi found actual harm occurred when the plaintiff purchased the policy. *Myers v. Guardian Life Insurance Co.,* 5 F.Supp.2d 423, 429 (N.D.Miss.1998). I find *Myers* persuasive. The harm alleged is that the policy was not what Hartford represented at the policy's inception, not that the plaintiff is out money he will have to pay. Furthermore, the general rule for the statute of limitations on fraud is that it begins to run at the time the wrong was committed or the time when the fraud was discovered or could have been discovered through due diligence. *United States v. Rita,* 487 F.Supp. 75, 77 (N.D.Ill.1980). Asad's fraud claims are ripe.

■ Mr. Asad's contract claims are also ripe under an anticipatory repudiation theory. An anticipatory breach occurs when "a party to a contract manifests a definite intent prior to the time fixed in the contract that it will not render its performance under the contract when that

time arrives." *Leazzo v. Dunham,* 95 Ill. App.3d 847, 848, 51 Ill.Dec. 437, 420 N.E.2d 851, 854 (1981). In such cases, the nonbreaching party may treat the contract as ended and act accordingly. *Id.* Mr. Asad was told orally by Hartford that he would have to pay premiums for seventeen years longer. He alleges such action amounts to a breach and entitles him to act as if the contract has ended. Therefore, his contract claim is ripe.

## III. *Fraud Claims*

■ Hartford argues I should dismiss the fraud claim in Counts I, II, and III of this complaint because Mr. Asad fails to meet the heightened pleading requirements of Rule 9(b), that fraud be pleaded with particularity. The Seventh Circuit requires a party to state the "who, what, when, where, and how of the fraud." *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990). Therefore, Mr. Asad must set forth the time of the representations. *J.C. Whitney & Co. v. Renaissance Software Corp.,* No. 99 C 3714, 2000 WL 556610, at *12 (N.D.Ill. April 19, 2000). Instead, he provides only the period of time he relied on the representations, 1992 to present, not when the representations were made. Mr. Asad must also set forth the place where the representations occurred. *Id.* To this he responds "Illinois," which is again not specific enough. Hartford is entitled to know the location(s) where the misrepresentations occurred. For example, were they made in Mr. Wold's office, his office, Mr. Pappas' office, or somewhere else? Furthermore, Mr. Asad must state to whom the representations were made and the subject of the representations. *Id.* He merely states that Pappas was induced to purchase the life insurance policy as a result of the nebulous representations. The complaint generically refers to "policy illustration," "marketing materials," and "sales presentations" but never identifies which particular items form the basis of Hartford's alleged fraud. Finally, Mr. Asad must provide who made the

misrepresentations. *Id.* This he may have done by attaching a copy of a letter from Mr. Wold to Mr. Pappas to the complaint, but he has yet to address the other allegations in his complaint. He must notify Hartford of the circumstances surrounding the alleged misrepresentations in the "policy illustrations," "marketing materials," and "sales presentations." Therefore, I grant Hartford's motion to dismiss Counts I–III but grant Mr. Asad leave to amend his complaint to cure these defects if he can do so.

■ Hartford also argues that Mr. Asad cannot bring Counts II and III because Illinois' promissory fraud doctrine prevents a plaintiff from recovering for misrepresentations of intention to perform future conduct, even if they are made without a present intention to perform. *See HPI Health Care Servs., Inc. v. Mount Vernon Hosp., Inc.,* 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 682 (1989). Misrepresentations regarding "existing facts" are required for fraud. *Id.* Here, the plaintiff asserts that he was induced to purchase a policy different from the one actually purchased. Misleading the plaintiff as to the meaning of the policy he was considering is a misrepresentation about present, not future, facts. *Nepomoceno v. Knights of Columbus,* No. 96 C 4789, 1999 WL 66570, at *14 (N.D.Ill. Feb. 8, 1999). In addition, Hartford fails to mention that the promissory fraud rule does not bar a claim if "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." *HPI Health Care Services,* 137 Ill.Dec. 19, 545 N.E.2d at 683. Mr. Asad alleges that "[d]efendant embarked on a nationwide scheme to maintain or increase premium income by encouraging its agents to engage in fraudulent sales practices." This denotes a scheme to defraud sufficient for this exception to apply. *Id.*

### IV. Unjust Enrichment

■ Hartford next argues that I should dismiss Mr. Asad's unjust enrichment claim (Count IV) because an express contract governs their relationship. In *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1011 (7th Cir.1985), the Seventh Circuit stated held that a plaintiff may not state a claim for unjust enrichment when a contract governs the relationship between the parties. However, First Commodities Traders involved a motion for summary judgment, and later cases have limited this holding to the summary judgment, not the pleading stage where these theories may be pled alternatively. *See e.g. Quadion Corp. v. Mache,* 738 F.Supp. 270, 278 (N.D.Ill.1990); *Citicorp Leasing, Inc. v. Meridian Leasing Corp.,* 1992 WL 211050 (N.D.Ill.1992). Therefore, Mr. Asad may go forward with his contract and unjust enrichment claims. Moreover, Mr. Asad claims that he brings his unjust enrichment claim under a tort theory, as an alternative to his fraud claims. *See, e.g., Peddinghaus v. Peddinghaus,* 295 Ill. App.3d 943, 230 Ill.Dec. 55, 692 N.E.2d 1221, 1225 (1998); *HPI Health Care Servs., Inc.,* 137 Ill.Dec. 19, 545 N.E.2d at 679–680 (1989). In any event, Mr. Asad makes the necessary allegations, so I deny Hartford's motion to dismiss.

### V. Negligent Misrepresentation and Breach of Fiduciary Duty

■ I now consider Mr. Asad's negligent misrepresentation claim and breach of fiduciary duty claim. For negligent misrepresentation, Mr. Asad must allege facts establishing a duty owed by the defendant to communicate accurate information. *Brogan v. Mitchell Int'l, Inc.,* 181 Ill.2d 178, 229 Ill.Dec. 503, 692 N.E.2d 276, 278 (1998). This duty arises (1) when conveying false information results in physical injury to a person or harm to a property, or (2) where the defendant is in the business of supplying information for the guidance of others in the business. *See id.* Because Mr. Asad does not allege physical injury, the issue is whether an insurance company is in the business of supplying information under Illinois law. According to Illinois law, insurance carriers are not in the business of supplying information so

have no duty to do so. *University of Chicago v. United Parcel Service*, 231 Ill. App.3d 602, 173 Ill.Dec. 64, 596 N.E.2d 688, 691 (1992), *followed by Decatur Memorial Hosp. v. Connecticut General Life Ins. Co.*, 990 F.2d 925, 928 (7th Cir.1993). The outcome might be different if Mr. Wold was an insurance broker, but here the only broker was Mr. Asad. *See Gerdes v. John Hancock Mutual Life Ins. Co.*, 712 F.Supp. 692, 699–700 (N.D.Ill.1989). However, Mr. Wold is an insurance agent for Hartford and not a broker, so no duty exists. I therefore dismiss Count V for failure to state a claim. Furthermore, because Illinois does not characterize Mr. Wold as a fiduciary, I also dismiss Count VIII. *See Nepomoceno v. Knights of Columbus*, No. 96 C 4789, 1999 WL 66570 at *10 (N.D.Ill.1999); *Nielsen v. United Services Auto. Ass'n*, 244 Ill.App.3d 658, 183 Ill.Dec. 874, 612 N.E.2d 526, 531 (1993).

## VI.  *Contract and Anticipatory Breach Claim*

■ Hartford next requests that I dismiss Counts VI and VII because the contract is an integrated agreement consisting solely of the policy and the application. They allege that nowhere in the policy is there a limitation of the premium payments to a period of ten years. Rather, the policy shows the premiums payable for forty-six years. They therefore claim that Mr. Asad cannot allege that the policy has been breached based on presentation materials that are not part of the policy which contradict its terms. They argue that there can be no anticipatory breach under similar reasoning.

■ Illinois follows the four corners doctrine, so I look only to the contract to determine if it is susceptible to more than one meaning. *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill.2d 457, 236 Ill.Dec. 8, 706 N.E.2d 882, 885 (1999). If it is, ambiguity is present and I use parole evidence to interpret the contract's meaning. *Id.* While Hartford correctly states that the policy reveals that premiums are to be paid for 46 years, "[t]he crux of the dispute between the parties is not whether the premiums are payable [for 46 years], but from what source the premiums should be derived." *Nepomoceno*, No. 96 C 4789, 1999 WL 65570 at *8–9. To this the contract is silent and susceptible to more than one meaning. Therefore, the contract is ambiguous as a matter of law. Its construction becomes a question of fact, which I do not decide on a motion to dismiss. *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. 99.

## VII.  *Breach of Good Faith and Fair Dealing*

■ Finally, Hartford moves to dismiss Count IX of the First Amended Complaint arguing that Illinois does not recognize an independent cause of action for breach of the duty of good faith and fair dealing. Mr. Asad cites *Langendorf v. Travelers State Ins. Co.*, 625 F.Supp. 1103, 1108 (N.D.Ill.1985), but Judge Gettleman has more recently decided that § 155 of the Illinois Insurance Code preempts common law claims for breach of the implied covenant of good faith and fair dealing. *See Ginocchio v. American Bankers Life Assurance Co. of Florida*, 889 F.Supp. 1078, 1084 (N.D.Ill.1995) (citing *Kush v. American States Insurance Co.*, 853 F.2d 1380, 1384–1386 (7th Cir.1988)). I agree. Count IX is dismissed.

### *Conclusion*

Accordingly, Hartford's motion to dismiss the fraud claims in Counts I, II, III is GRANTED without prejudice. Mr. Asad has twenty-one days to file an amended complaint. Hartford's motion to dismiss is also GRANTED as to Counts V, VIII, and IX but DENIED as to the remaining counts.